946 So.2d 642 (2007)
Jahmarley BOLAND, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-4366.
District Court of Appeal of Florida, Fourth District.
January 24, 2007.
Rehearing Denied February 9, 2007.
*643 Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
The defendant appeals his conviction and sentence on three counts of robbery with a firearm while wearing a mask and one count of armed burglary of a dwelling with an assault or battery while wearing a mask. He argues that the trial court abused its discretion in denying his motion for continuance. We agree and reverse.
The focus of the motion for continuance was a two-page, handwritten letter, purportedly signed by the defendant, that one of the victims provided to the prosecution just before opening statement. According to this victim, the letter had resulted from communications he had with the defendant during a time they resided in the same detention center. The two men interacted on a couple of occasions. Subsequently, a third inmate questioned whether the victim would testify against the defendant or help him by testifying that he had not committed the crime.
The three men then met at a common area of the detention center where the defendant told the victim that the defendant's mother had recently died and he was sorry for the crime he committed against the victim.[1] The defendant asked *644 the victim to help him by testifying that he had not been involved in the crime. The victim assured the defendant that he would not testify against him.
The three men met a second time when the victim became concerned about reprisals from other inmates for being a "snitch." The victim again assured the defendant that he wouldn't testify against him, but asked the defendant to write a letter explaining exactly what to say. Shortly thereafter, the victim received a letter.
The letter read: "Roger . . . my lawyer said if you right [sic] that I dident [sic] do the crime it has to be writen [sic] and notarized like a witness stament [sic] so you could do that for me I would like that very much please." The letter indicated that the two co-defendants were not going to testify against him and only one of the victims intended to testify. The defendant apologized for the crime and indicated that he didn't know it was the victim's house. The letter made reference to the defendant's mother having died and discussed the state's plea offer.
The victim then brought the letter with him when he was transported to the courthouse to testify. He gave it to the prosecutor, who immediately shared it with defense counsel.
After jury selection, but prior to trial, the court conducted a hearing on the defendant's motion to suppress other inculpatory statements made to law enforcement. The court granted the motion and suppressed the statements. Following that hearing, defense counsel called the court's attention to the letter and objected to its use. Because both sides agreed not to mention the letter in opening statement, the court reserved ruling on the letter's admissibility.
In opening statement, defense counsel explained that his client had not been present when the crimes were committed and had not confessed to the crime. After several witnesses had testified and the jury had gone to lunch, the court addressed the issue of the letter. The prosecutor advised that he intended to introduce the letter during the victim's testimony. Defense counsel again objected, indicating he was surprised and prejudiced by the letter. The court conducted a Richardson[2] hearing and found no violation had occurred.
At this point, defense counsel asked for a continuance to have the letter examined by a handwriting expert because the defendant denied having written it. He argued that if authentic, it was a confession, which now prejudiced his announced defense. The prosecutor argued that the defense was not prejudiced by the letter because it had been aware of the defendant's other inculpatory statements to law enforcement and knew about the letter before commenting in opening statement that there was no confession.
The court overruled the defense objection, permitted the victim to testify concerning the letter, and allowed the letter to be admitted. The victim identified the defendant as one of three robbers and testified that the defendant had acknowledged writing the letter. A co-defendant also inculpated the defendant.
After the close of the defense case, a juror asked the court whether the jury could "ask to verify the Defendant's handwriting." The court instructed the jury that it would have to rely on its collective recollection of the evidence and that no further evidence would be presented.
*645 In closing, the prosecutor told the jury there were "three big pieces of evidence": (1) the letter; (2) the victim's identification of the defendant; and (3) the co-defendant's testimony. The prosecutor made reference to various aspects of the letter. The jury convicted the defendant as charged.
On appeal, the defendant argues the court erred in denying the continuance to allow a handwriting expert to analyze the letter. The State responds that defense counsel was given the opportunity to confer with his client and depose the victim about the letter. The State also claims any error was harmless as the defense was prepared to confront inculpatory statements that were suppressed just prior to the trial.
The standard of review for trial court decisions on motions for continuance is abuse of discretion. Barnhill v. State, 834 So.2d 836, 847 (Fla.2002). "`An abuse of discretion is generally not found unless the court's ruling on the continuance results in undue prejudice to defendant.'" Id. (quoting Fennie v. State, 648 So.2d 95, 97 (Fla.1994)).
Here, the defendant prevailed on his motion to suppress the other inculpatory statements. Yet, on the day of trial, the prosecutor revealed a letter containing another confession. The defendant denied writing the letter, which put the issue of the letter's authenticity at issue. The defense clearly objected and requested an opportunity to have a handwriting expert review the letter. Had the outcome of that analysis supported the defendant's position that he didn't write the letter, the victim's credibility would have been severely undermined. This is one of those circumstances where the prejudice is evident. We therefore find the denial of the motion for continuance to have been an abuse of discretion. And, we cannot say that the error was harmless. State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986).
We reverse the defendant's convictions and remand the case for a new trial, thereby giving the defendant the opportunity to have the letter analyzed. We find no error in the other issue raised.
Reversed and remanded.
KLEIN and HAZOURI, JJ., concur.
NOTES
[1] The victim and the defendant communicated through the use of sign language, which the third inmate translated.
[2] Richardson v. State, 246 So.2d 771, 775 (Fla.1971).